UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAUNO AUGUST KOIVISTO,<br><br>                     Petitioner,<br><br>                     v.<br><br>WARDEN, et al.,<br><br>                     Respondent. | Case No. 2:20-02529 CAS (ADS)<br><br>ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

      Before the Court for screening is a Petition for Writ of Habeas Corpus filed by Petitioner Tauno August Koivisto, an inmate at California State Prison, Los Angeles County. [Dkt. No. 1]. Although the Petition is largely incoherent and illegible, to the extent that the Court can understand it, Petitioner appears to allege a lack of medical care by prison staff. [Id.]. Therefore, Petitioner is not challenging his incarceration or his sentence, but is instead complaining about the conditions of his confinement. A habeas corpus petition is not the proper vehicle for challenging the conditions of confinement. The purpose of habeas corpus is to attack the legality of a conviction or sentence. See Preiser v. Rodriguez, 411 U.S. 475, 487–88 (1973); see also Douglas v.

Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) ("A habeas court has the power to release a prisoner, but has no other power.") (citation omitted).

Prisoners wishing to challenge the conditions of their confinement must file a civil rights action pursuant to 42 U.S.C. § 1983. See, e.g., Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Because the Petition is largely indecipherable, this is not a matter appropriate for conversion to a civil rights case. For these reasons, the Petition is dismissed.

The Court further finds that Petitioner has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling and, therefore, a certificate of appealability will not issue in this action. See 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: March 23, 2020

THE HONORABLE CHRISTINA A. SNYDER
United States District Judge

Presented by:

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge